United States Courts
Southern District of Texas
FILED

NOV 02 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODERICK T. WATSON<br>Plaintiff<br><br>V.<br><br>CLEAN HARBORS INC.<br>AKA. HPC INDUSTRIAL, LLC.<br>Defendants | )<br>)<br>)<br>) No. 23 CV 4160<br>) COMPLAINT<br>)<br>)<br>)<br>) |

## NATURE OF ACTION

1. This is an action seeking redress for the violation of the rights guaranteed to the Plaintiff by the Age Discrimination in Employment Act, 29 (ADEA) U.S.C. et seq.

2. The Plaintiff is a 57 Year Old American citizen who seek equitable and monetary relief under the Age Discrimination in Employment Act, including reinstatement to the position from which he was separated, back pay, and all other Including reinstatement to the position from which he was separated, back pay, and all Other appropriate relief to which he is entitled under the law.

## JURISDICTION

3. This Court has subjected matter jurisdiction of this action under the Age Discrimination in Employment Act of 1967 and under 28. U.S.C. Sec. 1331.

4. The Plaintiff has satisfied all conditions precedent to initiating this court action In that:

A. The Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission;

B. The agency was not able to resolve the controversy; and

C. The agency issued a " right -to-sue" letter to the Plaintiff dated 08/04/2023, in forming and advising the plaintiff that it was unable to resolve the controversy as Described to it and that it was not prepared to take further efforts.

5. The plaintiff has timely filed this action in this court following receipt of the right-to-sue letter:

## PARTIES

6. The plaintiff is an American citizen and a residence of 9931 Smokey Quartz Lane, Rosharon, Texas 77583.

A. At present the plaintiff is 57 years of age.

B. At the time of the alleged wrongful conduct by the defendant, the Plaintiff was 56 years of age.

7. The defendant is a corporation organized under the laws of the State of Massachusetts, with it's principal place of because located at 42 Longwater Drive, Norwell, Massachusetts 02061-9149. At all material times, the defendant was an industrial and specialty services organization engaged in the business of providing high Pressure and chemical cleaning, decoking and materials processing, under the name of HPC Industrial Services, LLC, until Clean Harbors purchased it October 8, 2021,

but Clean Harbor continued to abide by HydroChemical policy and procedures at the Dow Freeport located in **Deer Park Texas.**

**Plaintiff may be Served by serving Registered Agent, C. T. Corporation System at 1999 Bryan St., Ste 900 Dallas, Tx 75201-3136.**

## CLAIM FOR RELIEF

8. The plaintiff commenced employment with the Defendant's Subsidiary Company in 1992, as a chemical plant employee.

9. Up to the time of the wrongful discharge, the plaintiff performed his duties and functions as a chemical plant worker in the Loss Prevention System for a period of approximately 29 years, in an outstanding and complimentary fashion, and without any disciplinary action.

10. In fact, at the time of his discharge, the plaintiff was a senior supervisor in Loss prevention promoted by the previous Company management, for both experience and longevity of service.

11. On June 14, 2022, the plaintiff was terminated for allegedly lying about an employment related incident, which also involved several other younger employees, who were not disciplined, reprimanded, or fired by the Defendant.

12. At the time of the discharge the Plaintiff was told by the Defendant that the Company has not grievance or appellate process for his termination.

13. At the time Plaintiff was terminated, the plaintiff was 56 years of age and had been in continuous employment of the Defendant subsidiary Company, HPC Industrial Services LLC for approximately 29 years, and was aware that the Company had a grievance and appeal procedure through the Company Human Resources Division.

Page 3 of 6

14. At the time of Plaintiff's termination, and to his shocking surprise, he was not given any paperwork documenting the exact nature of his termination, nor was there anyone from the Human Resources present to explain any options regarding rehire, placement, or given the opportunity to resign. From his tenure with the company and as a Supervisor, he knew these procedures had been a part of the Grievance and Appellate process through their Human Resources Department of HPC Industrial LLC.

15. The defendant told the plaintiff that the reason for his discharge from employment was that plaintiff had lied about his knowledge of an incident, which the plaintiff later learned that a younger employee who was present during the incident complained of, actually changed his original statement but was not fired or disciplined. He was actually transferred to another plant.

16. Other, younger employees of the defendant have committed acts in violation of the defendant rules and policies that were far more serious than the one incident of lying, alleged to have been committed by the plaintiff. Those employees, however, have not been disciplined in any harsh or negative fashion whatsoever.

17. These prior incidents involved younger employees who engaged in more sever misconduct than what I am accused of, yet they were allowed to keep their jobs. Dillian Word, a white male in his 20's or 30's and the son-in-law of a top manager named Howard Flint, Clearly violated company policies without facing termination Similarly, Ignacio Silva, a Hispanic male in his 20's or 30's, also violated company policy but was not subject to dismissal.

The defendant, according to Human Resources Representative, purchased HPC Industrial Services, LLC October 8, 2021, and agreed to abide by HydroChem Policies and Procedures, but the Plaintiff, for some reason was denied the Company's Administrative grievance and Appeal rules and procedures.

18. As a result of the arbitrary and capricious acts of the defendant, the plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income and loss of benefits, including loss of health and life insurance policies.

19. The Defendant acts constitute unlawful discrimination against the Plaintiff because of his age, in violation of the provision of the Age Discrimination in Employment Act, 29 U.S.C. section 621 et seq.

**PRAYER**

Plaintiff request that the Court Assume Jurisdiction and:

A. Declare the Conduct of the Defendant to be in violation of the rights Guaranteed to the plaintiff under federal law.

B. Direct the defendant party to reinstate the plaintiff to his previously held position, with back pay and all other benefits, increments, etc., to which he is entitled.

C. Award the plaintiff costs and reasonable attorney fees.

D. Award the plaintiff all other relief that is just, reasonable, and appropriate and necessary to correct the illegality and wrong done to the Plaintiff.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by it's complaint.

**LAW OFFICE OF ANTHONY T. SIMMONS P.C.**
*/S/ Anthony T. Simmons*
**SBN: 24046847**
**Anthony T. Simmons**
**Email: Simmonslaw@me.com**
**2128 Aldine Bender Rd.**
**Houston ,Texas 77032**
**Telephone: (713) 659-8600**
**Fax:         (713) 481-6239**
**FED ID: 578688**
**Attorney for Plaintiff Roderick Tyrone Watson**